**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| **CALVIN PHILLIPS,** : | |
| : | |
| **Plaintiff,** : | |
| : | **CIVIL ACTION FILE** |
| **VS.** : | **NO. 1:07-CV-11 (WLS)** |
| : | |
| **MS. HOLMES and SHERIFF SABA,** : | |
| : | |
| **Defendants.** : | |

**RECOMMENDATION**

This is a § 1983 action brought by a former inmate/detainee at the Dougherty County Jail. Defendant Saba is the Sheriff of Dougherty County and therefore is charged with the overall responsibility for the county jail. Defendant Holmes has responsibility in the area of health care. Plaintiff maintains that both defendants have been deliberately indifferent to his psychiatric needs to the extent that it amounts to a violation of his Eighth Amendment right to be free of cruel and unusual punishment.

The order of this court which directed service of the complaint and allowed this matter to proceed was entered on February 1, 2007, and among other things advised the plaintiff of his responsibility to diligently prosecute his case or face the possibility of its dismissal and of his responsibility to keep the court and defense counsel apprised of his current whereabouts at all times during the pendency of this action or again face the possibility of having his complaint dismissed. (R. at 11). On October 12, 2007 both defendants filed separate motions for summary judgment accompanied by relevant supporting data. (R. at 32, 35). The court's customary required notice of the filing of the motions for summary judgment and advising plaintiff of his opportunity to respond in opposition to the granting of either motion was filed on October 15,

2007. (R. at 41). That order provided that plaintiff had thirty days from the receipt of the order in which to file any response and further advised him that his failure to respond might well lead to either or both motions being granted. That order was entered almost seven months ago and plaintiff has not responded in any manner to either motion. That order was mailed to plaintiff at his last known address, the Dougherty County Jail, and has not been returned as undeliverable, thus giving rise to the presumption that plaintiff received the order and has elected not to respond in opposition.

On January 3, 2008, and again on January 30, 2008, mail sent from the Office of the Clerk of Court was returned to that office bearing the indication that the plaintiff was no longer at the Dougherty County Jail. Plaintiff has not yet seen fit to provide the court or defense counsel with his current address, a clear violation of the February 1, 2007, order. On February 4, 2008, defense counsel filed a joint motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 41(b) for his failure to diligently prosecute his claim and further, for his failure to keep the court and defense counsel informed as to his current whereabouts. (R. at 46). By order filed February 8, 2008, plaintiff was given notice of the filing of the motion to dismiss and of his right to respond in opposition to the granting of the motion. (R. at 48). Once again plaintiff has failed to respond in opposition to the granting of the motion. It appears that the last activity undertaken by the plaintiff herein was the filing of a motion eight and a half months ago. (R. at 26). At present neither the court nor defense counsel are aware of plaintiff's current whereabouts and have not been since prior to January 3, 2008. It certainly appears to the court that plaintiff is no longer interested in pursuing this matter. In view of the above chronology of events and in the interests of judicial economy it is quicker to address the motion to dismiss than

the motions for summary judgment.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding *pro se* are not exempted from this requirement of diligent prosecution inasmuch as it is clear that the Federal Rules of Civil Procedure apply to them. Moon v. Newsome, 863 F.2d 835 (11th Cir. 1989). The court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R., 370 U.S. 626, 630 (1962).

A review of this action reveals a clear record of delay or willful contempt on the part of the plaintiff. The plaintiff has taken no meaningful steps to prosecute his case since filing a motion some eight and a half months ago, despite being specifically advised by this court that he had a duty to diligently prosecute his lawsuit. (R. at 25). The plaintiff has had more than adequate time to pursue his claim against these defendants but he has failed to do so. Further, the court and defense counsel have lost all contact with plaintiff. Based on the above, the court finds that lesser sanctions will not suffice herein. Accordingly, it is the **RECOMMENDATION** of the undersigned that defendants' motion to dismiss plaintiff's case for his failure to prosecute same be **GRANTED**. In view of this recommendation the pending motions for summary judgment technically become moot and for this reason it is the further **RECOMMENDATION** that they be **DENIED AS MOOT.** In the event that the United States District Judge to whom this matter is assigned rejects this recommendation the motions for summary judgment will be

rendered ripe by the rejection and the undersigned will at that time address those motions on the merits.

Pursuant to 28 U.S.C. § 636(b)(1) the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of being served with a copy of this recommendation.

**SO RECOMMENDED**, this 13th day of May 2008.

> */s/ Richard L. Hodge*
> RICHARD L. HODGE
> UNITED STATES MAGISTRATE JUDGE