**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| EDWARD T. RIDLEY, | : | |
| Petitioner, | : | |
| v. | : | 1:07-CV-114 (WLS) |
| ANDY SELLERS, Superintendent, | : | |
| Respondent. | : | |

## **ORDER**

Before the Court is a Report and Recommendation from United States Magistrate Judge Richard L. Hodge filed on August 5, 2008. (Doc. 33). It is recommended that Respondent's Motion to Dismiss (Doc. 23) be GRANTED. *Id*. Plaintiff filed a timely objection to the Report and Recommendation on August 13, 2008. (Doc. 34).

In the Recommendation, Judge Hodge found Peitioner's Grounds F and I untimely under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") because Petitioner filed his federal petition approximately 28 months after his conviction became final–well beyond the one (1) year statute of limitations proscribed under the AEDPA. (Doc. 33). Judge Hodge also found that Petitioner's Grounds A, B, C, D, E, G, H, I, J, K, O, and portions of Q and S are moot. *Id*. Finally, Judge Hodge found that Grounds M, N, P, and the remainder of Q and S must fail for failure to state a claim for which relief can be granted.

In his objection, Petitioner merely states that he is a "layman" and for the first time notifies the Court that he has "'NO' ACCESS to any law library." (Doc. 34). Petitioner argues that due to his lack of access to a law library, "it will be prejudice for this Court to grant the respondent's request to dismiss." *Id*.

Respondent's Motion to Dismiss was filed on December 7, 2007. (Doc. 23). The Court issued an order on December 10, 2007, notifying Petitioner of Respondent's pending Motion to Dismiss and of the potential consequences for failure to respond to the same. (Doc. 29). Petitioner was given thirty (30) days from the date of the order to respond to Respondent's motion. *Id.* Petitioner filed a three (3) sentence Response to Respondent's Motion on December

1

24, 2007. (Doc. 31). As noted above, Judge Hodge did not issue his recommendation until August 5, 2008. (Doc. 33). It is beyond suspect that Petitioner now notifies the Court, some eight (8) months after the filing of Respondents Motion to Dismiss, that he did not have access to a law library. Petitioner was not diligent in notifying the Court of his alleged need of additional time to secure proper legal resources. Therefore, it would be prejudicial and unjust to deny Respondent's motion simply because Petitioner now claims, at this late date, that he did not have access to a law library. Plaintiff did not take reasonable and timely action to inform the Court of his alleged circumstances. Plaintiffs objections are therefore **OVERRULED**.

Accordingly, upon full review and consideration upon the record, the Court finds that said Report and Recommendation (Doc. 33) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the findings made, reasons stated and conclusions reached herein. Therefore, Respondent's Motion to Dismiss (Doc. 23) is **GRANTED**.

**SO ORDERED**, this   12th   day of September, 2008.

                                          /s/W. Louis Sands
                                          **THE HONORABLE W. LOUIS SANDS,**
                                          **UNITED STATES DISTRICT COURT**